UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

| | |
|---|---|
| KEITH H BAYNE, | Case No. 18-cv-01849-KAW (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE;** |
| v. | **GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS** |
| SHERIFF AHERN, et al., | Re: Dkt. No. 2 |
| Respondents.[1] | |

Petitioner Keith H. Bayne, a California prisoner housed at Napa State Hospital, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has consented to the jurisdiction of the undersigned United States Magistrate Judge over this action. His motion for leave to proceed *in forma pauperis* is granted.

## DISCUSSION

### I. Allegations in Petition

The petition indicates that Petitioner was arrested on May 19, 2017, was incarcerated in the Alameda County Jail and, on April 6, 2018, was transferred to Napa State Hospital. The petition alleges that no charges were filed against Petitioner and that he has not had an arraignment or a preliminary hearing. Under grounds for relief, the petition alleges, "there exists no probable nor reasonable cause." In the space for "supporting facts," the petition alleges, "Any break-in to house located at 1701 Hopkins via window occurred before my return from approximate 1 year absence

---

[1] Petitioner lists Alameda County Sheriff Gregory Ahern and California State Attorney General Xavier Becerra as Respondents. Because Petitioner is housed at Napa State Hospital, the correct Respondent is Pam Ahlin, Director of the California Department of State Hospitals. The Clerk shall substitute Pam Ahlin as Respondent. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (respondent may be either the warden of the institution in which the petitioner is housed or the chief officer in charge of the state penal institutions).

in North Nevada." Other allegations in the petition indicate that the residence at 1701 Hopkins is Petitioner's home and that he did not burglarize his own home.

The petition indicates that Petitioner did not exhaust state remedies by appealing or by filing state petitions for a writ of habeas corpus in the California court of appeals and the California Supreme Court.[2]

## II. Legal Standard

A district court has authority to entertain a petition for a writ of habeas corpus by a person in custody in violation of the United States Constitution or laws of the United States, but not yet convicted or sentenced. *McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003). Such a person must bring a petition under 28 U.S.C. § 2241(c)(3); *McNeely*, 336 F.3d at 824 n.1 (addressing petition of pre-trial detainee). Section 2241 empowers district courts to issue the writ before a judgment is rendered in a criminal proceeding. *Id.*

Although there is no exhaustion requirement for a petition under 28 U.S.C. § 2241(c)(3), principles of federalism and comity require a district court to abstain until all state criminal proceedings are completed and the petitioner exhausts available judicial state remedies, unless special circumstances warranting federal intervention during state criminal proceedings can be found. *Carden v. Montana*, 626 F.2d 82, 83-84 & n.1 (9th Cir. 1980). Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Younger v. Harris*, 401 U.S. 37, 53-54 (1971); *Brown v. Ahern*, 676 F.3d 899, 901 (9th Cir. 2012). *Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994). All three elements must be present. A fourth

---

[2]Petitioner may have filed a petition for a writ of habeas corpus in the Alameda County Superior Court claiming violation of his constitutional rights, no waiver of time for trial and no sentence. Petitioner alleges the result was "incompetence—sent to Napa State Hospital." *See* Petition at 3.

requirement has been articulated by the Ninth Circuit: that "the federal court action would enjoin the state proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

**III. Analysis**

Liberally construed, the petition states a Fourth Amendment claim for failure to provide a prompt judicial determination of probable cause as a prerequisite to extended detention following a warrantless arrest. *Gerstein v. Pugh*, 420 U.S. 103, 125 (1975); *see also County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991) (judicial determinations of probable cause within 48 hours of arrest will, generally, comply with the promptness requirement of *Gerstein*).

The fact that Petitioner alleges that he has been incarcerated for almost one year without a judicial probable cause proceeding provides the special circumstance that warrants federal intervention under section 2241.

**CONCLUSION**

Good cause appearing, the Court hereby issues the following orders:

1. The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Petitioner at his current address.

2. No later than sixty days from the date of this Order, Respondent shall file with this Court and serve upon Petitioner an Answer showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer all portions of the state record that have been transcribed previously and are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse (a reply) with the Court and serving it on Respondent within thirty days of his receipt of the Answer. If he does not do so, the petition will be deemed submitted and ready for decision on the date the Traverse is due.

3. No later than sixty days from the date of this Order, Respondent may file with this Court and serve upon Petitioner a motion to dismiss on procedural grounds in lieu of an Answer. If

3

Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within thirty days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within fourteen days of receipt of an opposition.

4.  It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  He also must serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

5.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

6. Respondent shall file her Consent or Declination to Magistrate Judge Jurisdiction on or before the date her answer is due.

This form can be found at www.cand.uscourts.gov/civilforms.

7. The Clerk shall substitute as Respondent Pam Ahlin, Director of the California Department of State Hospitals.


IT IS SO ORDERED.

Dated: May 14, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge